IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD ALLISON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:21-cv-3090<br>) |
| PATRICK W. LARMON and PATRICK LARMON as agent and/or employee of INTERNATIONAL PAPER COMPANY, and INTERNATIONAL PAPER COMPANY, | )<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED |
| Defendants. | )<br>) |

## PATRICK LARMON'S NOTICE OF REMOVAL

Defendant Patrick Larmon ("Removing Defendant"), by and through his attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the action styled *Richard Allison v. Patrick W. Larmon and International Paper Company*, Case No. 2021-L-000152 (the "Action"), from the Circuit Court of DuPage County, State of Illinois to the United States District Court for the Northern District of Illinois.

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b), in that the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different States; and none of the defendants are citizens of the State in which the Action was commenced.

In support thereof, Removing Defendant states as follows:

### I.   NOTICE OF REMOVAL IS TIMELY

1.   On or about February 5, 2021, Plaintiff filed his original Complaint in the Circuit Court of DuPage County, State of Illinois. On February 22, 2021, Plaintiff filed his First

Amended Complaint. This case has been assigned Case No. 2021-L-000152. *See* Plaintiff's First Amended Complaint, attached hereto and incorporated herein by reference as Exhibit A.

2. Removing Defendant was served with the Summons and First Amended Complaint on May 11, 2021.[1] *See* Notice of Service of Process, attached hereto as Exhibit B.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within 30 days of Removing Defendant's receipt of Plaintiff's First Amended Complaint, and within one year of the commencement of the Action.

## II. DIVERSITY JURISDICTION EXISTS

4. This Court has original subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), because (a) there is complete diversity of citizenship among the parties; (b) the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost; and (c) none of the parties in interest who are properly joined and served as defendants are citizens of Illinois.

### A. The Diversity of Citizenship Required is Satisfied.

5. Upon information and belief, Plaintiff is an individual domiciled in the State of Illinois, and, therefore, for the purpose of this Notice of Removal, Plaintiff is a citizen of the State of Illinois.

6. Removing Defendant is an individual domiciled in the State of Virginia, and, therefore, for the purpose of this Notice of Removal, Defendant is a citizen of the State of Virginia.

7. Defendant International Paper Company ("IP") is a corporation incorporated in the State of New York, with its principal place of business in Memphis, Tennessee, and,

---

[1] Plaintiff never served Removing Defendant with the initial complaint, only the First Amended Complaint.

2

therefore, for the purpose of this Notice of Removal, IP is a citizen of the State of New York and the State of Tennessee. IP has not yet been served.

8. There is complete diversity of citizenship because Plaintiff is a citizen of Illinois, IP is a corporate citizen of New York and Tennessee, and Removing Defendant is a citizen of Virginia. *See* 28 U.S.C. § 1332(a)(1) (court has diversity jurisdiction over citizens of different states).

**B.     The Amount in Controversy Required is Satisfied.**

9. Although Plaintiff's First Amended Complaint prays for judgment "in excess of $50,000.00," there is a reasonable probability that the claim placed at issue is an amount greater than Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815–16 (7th Cir. 2006); *Smith v. American General Life & Accident Ins. Co.,* 337 F.3d 888, 892 (7th Cir. 2003); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427–28 (7th Cir. 1997).

10. Plaintiff alleges that as a proximate result of Defendants' actions, he suffered the following: severe bodily injuries, past and continuing pain and suffering, past and continuing loss of normal life, past and continuing disability, past and continuing lost wages, and past and continuing medical expenses. *See* Ex. A, Count I ¶ 8, Count II ¶ 15(j).

11. Without admitting the veracity of Plaintiff's allegations, a reasonable and commonsense reading of the First Amended Complaint shows that the amount in controversy requirement has been met.

12. In light of the complete diversity of citizenship between the parties and the requisite amount in controversy, this Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

### III.     CONSENT OF ALL DEFENDANTS

13. All served Defendants consent and join in the removal of this Action.

### IV.     REMOVAL TO THIS DISTRICT IS PROPER

14. Removal venue exists in the United States District Court for the Northern District of Illinois, and is proper in this Court, because the Circuit Court of DuPage County, Illinois (where the Action was originally filed) is within the jurisdiction of the Northern District of Illinois. *See* 28 U.S.C. § 1441(a).

15. Pursuant to 28 U.S.C. § 1441(a), copies of all process, pleadings, and orders on file in the state court, as well as copies of all other process, pleadings, and orders served to date upon the Removing Defendant are attached hereto. *See* Exhibits A and B.

16. Pursuant to 28 U.S.C. § 1446(d) prompt written notice of this Notice of Removal is being sent to Plaintiff and to the Clerk of Court for the Circuit Court of DuPage County, Illinois. Copies of the Notice to Clerk and Notice to Plaintiff are attached hereto as Exhibits C and D, respectively.

17. Removing Defendant reserves the right to amend or supplement this Notice of Removal.

18. Removing Defendant requests a trial by jury.

WHEREFORE, Removing Defendant, Patrick Larmon, requests that the case styled *Richard Allison v. Patrick W. Larmon and International Paper Company*, Case No. 2021-L-000152, be removed to this Court and that this Court take subject matter jurisdiction over this matter.

Dated:  June 9, 2021                             HUSCH BLACKWELL LLP

                                                                 By:     /s/ Jennifer L. Dlugosz
                                                                                Jennifer L. Dlugosz (#6289378)
                                                                                Michael J. Hopkins (#6336058)
                                                                                120 South Riverside Plaza, Suite 2200
                                                                                Chicago, IL  60606
                                                                                Phone: (312) 655-1500
                                                                                jen.dlugosz@huschblackwell.com
                                                                                michael.hopkins@huschblackwell.com

                                                                                ***Attorneys for Defendant Patrick Larmon***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing, **Notice of Removal,** was served by electronic mail and by placing same in the United States mail chute located at 120 South Riverside Plaza, Chicago, Illinois 60606, properly addressed and postage fully prepaid, on this 9th day of June, 2021 to plaintiff's counsel listed below.

Michael J. Urgo, Jr.
David B. Reeves
URGO & NUGENT, LLC.
2 North LaSalle St.
Suite 1800
Chicago, IL 60602
murgo@urgoandnugentll.com
dreeves@urgoandnugentllc.com

By: /s/Jennifer L. Dlugosz